{¶ 43} While I would agree with the majority in overruling the first and third assignments of error, I must respectfully disagree with its disposition of the second assignment of error. Thereunder, plaintiff asserts that genuine issues of material fact exist as to whether the defendant breached her duty to maintain the sidewalk. In order to withstand summary judgment in this regard, plaintiff primarily relied on defendant's actual notice of the defective condition of the sidewalk. I believe this is a critical point to plaintiff's claim. See Kingston v. Austin Development Co. (Dec. 7, 1995), Cuyahoga App. No. 68903 (unanimously reversing an award of summary judgment where genuine issues of material fact existed concerning notice of defect to the property owner); see, also, Presti v. Gamekeeper's Taverne (Dec. 6, 1994), Cuyahoga App. No. 66642 (finding summary judgment inappropriate where reasonable minds could differ as to whether there was a defect and whether the defendant had notice of the defect).
 {¶ 44} In addition to defendant's notice of defect, plaintiff presents additional attendant circumstances that allegedly contributed to her fall. In particular, plaintiff says she was distracted by a large dog roaming across the street. The majority does not address the issue of notice to the defendant and concludes that the alleged distraction of the dog did not "significantly enhance the danger of the defect to render the minor imperfection substantial." While a jury may ultimately agree with that conclusion, I believe this factual determination must be resolved in favor of the plaintiff at this point. Viewing the circumstances as a whole, I cannot summarily conclude that there is no genuine issue of fact as to whether defendant negligently maintained a dangerous condition that resulted in plaintiff's injuries. For this reason, I would sustain the second assignment of error and reverse and remand for further proceedings.